
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR RIZO-ROSALES, AKA Juan Ramirez Hernandez, AKA Adan Rizo, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   18-72545 <br><br> Agency No. A079-368-044 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022[**]
San Francisco, California

Before:  GOULD and RAWLINSON, Circuit Judges, and ADELMAN,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Lynn S. Adelman, United States District Judge for the
Eastern District of Wisconsin, sitting by designation.

Victor Rizo-Rosales, a.k.a. Juan Ramirez Hernandez, a.k.a. Adan Rizo (Petitioner), a citizen of Mexico, petitions for review of the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"We review de novo the BIA's [Board of Immigration Appeals'] determinations on questions of law and mixed questions of law and fact," but "[w]e review for substantial evidence the BIA's factual findings." *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020) (citation omitted). Under substantial evidence review, "[t]o reverse[,] we must find that the evidence not only *supports* that conclusion, but *compels* it." *Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) (citations and alteration omitted) (emphases in the original).

When the BIA conducts its own review of the evidence and the law, we limit our review to the BIA decision. *See Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006), *as amended*. However, if "the BIA adopts the IJ's [Immigration Judge's] decision while adding some of its own reasoning, we review both decisions." *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011) (citation omitted).

**1.** Petitioner initially challenges the BIA's determination that he did not satisfy the "changed circumstances" or "extraordinary circumstances" exception to the one-year deadline for filing an asylum application. *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010) (recognizing the one-year filing deadline).

We have jurisdiction to review application of the "changed circumstances" and "extraordinary circumstances" exceptions to the one-year deadline only if those exceptions involve "the application of a statutory standard to undisputed facts." *Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007)*; see also Husyev v. Mukasey*, 528 F.3d 1172, 1178-79 (9th Cir. 2008). The IJ properly concluded that Petitioner did not the satisfy the "changed circumstances" or "extraordinary circumstances" exception to the one-year deadline. Petitioner entered the United States in January of 2005 and had until January of 2006 to apply for asylum. That Petitioner lacked knowledge of the law, did not speak English, and had not begun to fear criminal violence in Mexico until he was placed in removal proceedings, did not constitute changed circumstances. *See Ramadan*, 479 F.3d at 657 ("The term 'changed circumstances' . . . refer[s] to circumstances materially affecting the applicant's eligibility for asylum. . . .") (quoting 8 C.F.R. § 208.4 (a)(4)(i)); *see*

3

*also Gasparyan v. Holder*, 707 F.3d 1130, 1134-35 (9th Cir. 2013) (delineating "extraordinary circumstances" test).[1]

**2.** Substantial evidence supports the IJ's determination that Petitioner failed to establish a nexus between any harm and a protected ground to support his application for withholding of removal. Petitioner testified that he became fearful of returning to Mexico when crime increased in the country. Petitioner stated that his father was shot, one of his cousins "disappeared," and a friend was tortured. These incidents caused Petitioner to experience fear and interrupted sleep. However, Petitioner was never harmed. Nor did he demonstrate a well-founded fear of future harm, or that the government was unable or unwilling to protect him. *See Robleto-Pastora v. Holder*, 591 F.3d 1051, 1057 (9th Cir. 2010), *as amended*. Further, we have held that the "desire to be free from harassment by criminals motivated by theft or random violence . . . bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010), *as amended* (citations omitted). For these reasons, substantial evidence supports the denial of withholding of removal. *See id.*

---

[1] To the extent Petitioner argues that his mental health concerns constituted extraordinary circumstances, we lack jurisdiction to review this disputed fact. *See Ramadan*, 479 F.3d at 648 (holding that our jurisdiction only extends to application of the law to undisputed facts).

**3.** Because Petitioner failed to address his CAT claim in his Opening Brief, he has waived any objections to the denial of this claim. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996).

**PETITION DENIED**.